Ben H. MONHOLLEN, Plaintiff-Appellee,

v.

UNITED MINE WORKERS OF AMERICA, Defendant-Appellant.

No. 15704.

United States Court of Appeals
Sixth Circuit.

Jan. 14, 1965.

E. H. Rayson, Knoxville, Tenn., John B. Rayson, R. R. Kramer, Knoxville, Tenn., Willard P. Owens, Washington, D. C., on brief, for appellant.

Robert S. Young, Jr., Knoxville, Tenn., Louis C. Woolf, Knoxville, Tenn., on brief; Baker, Young, Young & Baker, Knoxville, Tenn., of counsel, for appellee.

Before WEICK, Chief Judge, MILLER, Circuit Judge, and TALBOT SMITH, District Judge.

PER CURIAM.

The plaintiff in this case was, at the time pertinent hereto, a hauler of coal in East Tennessee. While so engaged his

·drivers were harassed by men assembled in groups along the highways, the coal in their trucks was in some instances ·dumped, and the drivers molested. All of this had to do with a campaign through·out the area to stop the mining and hauling of coal produced by persons other than signers of the amended National Bituminous Coal Wage Agreement of the defendant United Mine Workers of America. There was no attempt by defendant to organize plaintiff's drivers. Indeed, they were neutral to the dispute ·concerning the amended wage agreement. The defendant's activities, so far as plaintiff's drivers were concerned, were ·directed towards forcing the plaintiff to ·cease doing business with non-union coal ·operators.

As a result of the activities described, plaintiff's drivers became apprehensive for their safety and ceased working for plaintiff. His trucking business was forced to shut down (he began driving a truck for an interstate motor freight line) and his trucks were repossessed. In the action before us he sought damages for the business loss resulting. The District Court, trying the case without a jury, awarded plaintiff compensatory damages in the sum of $15,000.00 and judgment was entered.

Defendant's appeal argues that there is neither warrant in the record for finding that it was responsible for the treatment of plaintiff's drivers and their cargoes of coal, nor for the amount of the judgment. The attack upon the judgment is based upon the contentions that plaintiff's business profits resulted in part, at least, from his payment of sub-standard wages under the Fair Labor Standards Act,[1] combined with the illegal hauling of overweight loads of coal. In addition it is argued that his "equity" in his trucks was overvalued by the District Court.

██ Upon all of the matters controverted there was conflicting evidence, together with evidence in mitigation and exculpation. The District Judge heard it all, he scrutinized it with care and he rendered his judgment, giving to the various factors in testimony, pro and con, such weight as, in his judgment, they deserved. The fact situation with which we are here confronted does not vary in material principle from others heretofore considered by us. *Gilchrist v. United Mine Workers of America,* 6 Cir., 290 F.2d 36; *White Oak Coal Co. v. United Mine Workers of America,* 6 Cir., 318 F.2d 591; *Allen v. United Mine Workers of America,* 6 Cir., 319 F.2d 594. We have reviewed the record, and we have concluded that the findings of the District Judge were supported by substantial evidence and were not clearly erroneous.

Affirmed.

---

1. 29 U.S.C. § 201 et seq. as amended.